Disciplinary Counsel, of a motion for order to show cause why respondent, Ralph L. Marzocco, should not be held in contempt for failure to obey a subpoena *duces tecum* issued by the Board of Commissioners on Grievances and Discipline. On November 28, 2000, this court issued a show cause order and ordered respondent to file a written response. On December 14, 2000, respondent filed a response to the show cause order. Upon consideration thereof,

IT IS ORDERED by this court that Ralph L. Marzocco, Attorney Registration No. 0020072, last known address in Dayton, Ohio, is found in contempt and that he be fined the amount of $100 per day from the date of this order until he complies with the subpoena *duces tecum*. It is further ordered that respondent shall pay the fine to the Clerk of the Supreme Court by money order or certified check made payable to Clerk, Supreme Court of Ohio.

IT IS FURTHER ORDERED that upon respondent's compliance with the subpoena *duces tecum*, Disciplinary Counsel shall file with this court written notice verifying that respondent obeyed the subpoena *duces tecum* and the date on which he obeyed the subpoena *duces tecum*.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

98–721.  Medina Cty. Bar Assn. v. Muhlbach.

On September 23, 1998, this court suspended respondent, P. Michael Muhlbach, a.k.a. Peter Michael Muhlbach, for six months with the six-month suspension stayed, during which time respondent was placed on probation on condition that no further disciplinary complaints were certified against him during the probationary period. On September 19, 2000, respondent filed an application for termination of probation, and on October 25, 2000, relator, Medina County Bar Association, filed a brief. Upon consideration thereof,

IT IS ORDERED by this court that respondent's application for termination of probation shall not be granted and respondent shall not be reinstated to the practice of law in Ohio until respondent files written documentation with this court, and this court accepts such documentation, verifying that respondent has complied with Gov.Bar R. X(3)(G), to wit, verification that since September 8, 1999, he has received credit for at least thirteen hours of continuing legal education, including at least three hours relating to professional conduct. It is further ordered, *sua sponte*, that respondent's probation shall not be terminated until respondent files documentation verifying his compliance with Gov.Bar R. X(3)(G) and this court enters an order terminating his probation.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

MOYER, C.J., and PFEIFER, J., dissent, would deny the applications, and would not permit the applicant to reapply before September 15, 2001.

99–808.  Cuyahoga Cty. Bar Assn. v. Muhlbach.

On September 8, 1999, this court suspended respondent, P. Michael Muhlbach, a.k.a. Peter Michael Muhlbach, for one year. On September 19, 2000, respondent filed an application for reinstatement. On November 28, 2000, this court granted the motion of relator, Cuyahoga County Bar Association, for leave to respond to respondent's application for reinstatement. On December 27, 2000, respondent filed a motion for leave to respond to relator's opposition. Upon consideration thereof,

IT IS ORDERED by this court that respondent's application for reinstatement shall not be granted